UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMIE BUSANET,

                Petitioner,

    v.

ADA PEREZ, WARDEN,

                Respondent.

12-cv-5153

**OPINION**

---

Jamie Busanet brings this *pro se* habeas corpus petition under 28 U.S.C. § 2254, alleging that he is being held in state custody in violation of his federal constitutional rights. Busanet contends that the New York courts improperly enhanced his current sentence on the basis of a 1994 conviction in Connecticut. The Respondent answered the petition.

The petition is denied.

**Background**

Busanet has three convictions that are relevant to this petition. First, in 1994, Busanet was convicted of assault in Connecticut. Second, in 1999, Busanet was convicted of assault in the second degree in the New York Supreme Court, Bronx County. The Bronx County court determined that the 1994 Connecticut conviction constituted a violent felony under New York law and designated Busanet as a second violent offender. Busanet initially objected, but dropped his objection based on his counsel's advice. Busanet appealed the conviction, but did not appeal his violent-offender designation. The New York Supreme Court, Appellate Division, affirmed the conviction on April 23, 2002, People v. Busanet, 740 N.Y.S.2d 613 (N.Y. App. Div. 2002),

and the New York Court of Appeals denied leave to appeal on July 23, 2002, <u>People v. Busanet</u>, 776 N.E.2d 2 (N.Y. 2002).

Third, in 2009, Busanet was convicted of attempted robbery in the New York Supreme Court, New York County.  He is serving a term of 12 years to life because the court determined that he was a persistent violent felon based on the Connecticut and Bronx County convictions.  Busanet challenged this designation, claiming that the 1994 Connecticut conviction should not count.  The New York County court found that his challenge was procedurally barred because the Bronx County court had already determined that the Connecticut conviction was for a violent felony.  The New York County conviction was affirmed by the Appellate Division on December 21, 2010, and leave to appeal was denied by the Court of Appeals on March 8, 2011.  See <u>People v. Busanet</u>, N.Y.S.2d 116 (N.Y. App. Div. 2010), <u>leave to appeal denied</u>, 946 N.E.2d 181 (N.Y. 2011).

On August 23, 2010, Busanet filed a N.Y. Criminal Procedure Law § 440.20 motion to set aside his Bronx Supreme Court sentence based on his status as a second violent offender.  On March 25, 2011, the court denied his claim as procedurally barred.  On May 11, 2011, Busanet filed another § 440.20 motion based on ineffective assistance of counsel and the allegedly improper sentence in Bronx Supreme Court, but the claims were denied on November 14, 2011.

Busanet now brings this federal habeas corpus petition challenging his New York county sentence, for which he is currently incarcerated.  But his petition is really an attack on his prior Bronx County conviction—not the sentence he is currently serving based on the New York County conviction.  He alleges ineffective assistance of counsel during the Bronx County proceedings, resulting in the Bronx County court finding that he was a second-time violent offender (based on the Connecticut conviction).  In sum, Busanet's petition is an attack on his Bronx County conviction that was later used to enhance his current New York County sentence.

**Discussion**

A petitioner may not use a § 2254 habeas petition to attack a prior conviction that was used to enhance his current sentence if that prior conviction is no longer open to attack.

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 403–04 (2001). The Supreme Court has recognized few exceptions to this rule. See Coss, 532 U.S. at 404–405 (recognizing exceptions for failure to appoint counsel for defendant, a state court refusing to rule on a properly presented constitutional claim, and obtaining compelling evidence of actual innocence).

Here, Busanet's Bronx County conviction is no longer open to direct or collateral attack. The New York state courts affirmed Busanet's conviction on direct appeal and denied his post-conviction petitions. Plus, Busanet is out of time to file a federal collateral attack on the Bronx County conviction. See 28 U.S.C. § 2244(d)(1). Thus, this court regards the Bronx Country conviction as conclusively valid—including the determination that Busanet's Connecticut conviction is a predicate violent offense under New York law. That conviction cannot be attacked in the present habeas petition. Moreover, Busanet does not meet any of the recognized exceptions to excuse his default. Busanet had counsel in the Bronx County proceedings, the New York courts addressed his arguments against his sentence, and he has produced no evidence of actual innocence.

## Conclusion

Busanet's petition is denied. Because Busanet has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this opinion would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

So ordered.

Dated:  New York, New York
        August 11, 2014

Thomas P. Griesa
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/11/14

Mailed from Chambers to:

Jamie Busanet, 09-A-3484
Eastern NY Correctional Facility
30 Institution Rd
P.O. Box 338
Napanoch, New York 12458-0338